UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARYLAND COMPANY, LLC              CIVIL ACTION NO. 06:10-cv-1781

VERSUS                             JUDGE HAIK

EXXON MOBIL CORPORATION,           MAGISTRATE JUDGE HANNA
ET AL.


## ORDER

Three motions came before the Court at the January 2012 status conference and motion hearing:   (1) defendant ExxonMobil Corporation's motion to strike the plaintiff's second amended complaint or, alternatively, to extend the deadlines for fact discovery (Rec. Doc. 212); (2) the motion for extension of deadlines filed by third-party defendants Hilcorp Energy Company and Hilcorp Energy I, L.P. (Rec. Doc. 199); and (3) plaintiff Maryland Company, LLC's motion for protective order with regard to Governor Foster's upcoming deposition (Rec. Doc. 215).  The motions are opposed.  Oral argument was heard on January 31, 2012.


1.   **EXXONMOBIL'S MOTION TO STRIKE**

In October 2011, the plaintiff filed a motion to amend its complaint (Rec. Doc. 157).  The motion was granted in part and denied in part.  (Rec. Doc. 194).  More particularly, the plaintiff was granted leave to amend its complaint in order to assert

a claim against the Hilcorp defendants but was denied leave to amend its complaint in order to assert a RCRA claim.  (Rec. Doc. 194).  The plaintiff was ordered to submit a proposed amended complaint complying with the order.  (Rec. Doc. 194). The plaintiff submitted a proposed second supplemental and amending complaint (Rec. Doc. 204); however, that supplemental and amending complaint was different in some respects from the second amended complaint that had previously been proposed .  Specifically, no claims were asserted against the Hilcorp defendants, and there were additional allegations asserted against ExxonMobil.  (Compare Rec. Doc. 157-1 and Rec. Doc. 204).  ExxonMobil then filed its motion to strike the proposed second supplemental and amending complaint or, alternatively, to extend the deadline for fact discovery to address the allegations raised in the newly proposed supplemental and amending complaint.  (Rec. Doc. 212).

Rule 12(f) of the Federal Rules of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.[1]  Motions to strike are disfavored

---

[1]      *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168-69 (5th Cir. 1979), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969). See, also, *Cambridge Toxicology Group, Inc. V. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

and should be used sparingly because they are considered to be a drastic remedy to be resorted to only when required for the purposes of justice.[2]

After comparing the content of the most recently proposed second amended complaint with the original complaint, the first amending and supplemental complaint, and the previously proposed second amended complaint, the undersigned finds that there is nothing set forth in the current second amended complaint that satisfies the criteria of Rule 12(f).  However, in the interest of fairness and justice, as discussed in more detail below, the undersigned finds that it would be beneficial to all parties if the deadline for fact discovery were extended.  Accordingly,

IT IS ORDERED that ExxonMobil's motion to strike (Rec. Doc. 212) is DENIED but its alternative motion to extend the deadline for fact discovery (Rec. Doc. 212) is GRANTED.  The extended deadline will be set forth in the "Second Amended Case Management Order," which will be issued separately.


## 2.    THE HILCORP DEFENDANTS' MOTION FOR EXTENSION OF DEADLINES

In their motion for extension of deadlines (Rec. Doc. 199), the Hilcorp defendants seek a six-month extension of all deadlines on the current Case

---

[2]    *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

Management Order (Rec. Doc. 98 as amended by Rec. Doc. 114), including a six-month extension of the trial date.

The Hilcorp defendants argue that the litigation was ongoing for a considerable time before they were added to the lawsuit and that additional time is necessary to prepare their defense.  More particularly, while the Hilcorp defendants concede that they can be ready for trial in August, they argue that additional time is needed to work with their experts and conduct expert discovery.  They argue that this case presents complicated legal and factual issues involving multiple expert witnesses, many thousands of documents, and allegations of conduct spanning half a century.

The plaintiff counters that the Hilcorp defendants are not defendants on the main demand and that a tentative settlement agreement has been reached with the defendant that asserted a third-party claim against the Hilcorp defendants, raising the possibility that the Hilcorp defendants may not be involved in the lawsuit through trial.  The plaintiffs also argue that the Hilcorp defendants have taken an active role in this litigation that precludes the need for an extension of deadlines.  The undersigned notes that, although the Hilcorp defendants were not named as a third-party defendants in this litigation until June 3, 2011 (Rec. Doc. 91), they were represented by counsel at a hearing conducted almost two months earlier on April 27, 2011.  (Rec. Doc. 84 at 3, 5).

-4-

At the conclusion of the oral argument, this motion was taken under advisement.  After review of the pleadings, consideration of oral argument by the parties, and analysis of applicable law, the undersigned is persuaded that the status of the case warrants an extension of certain deadlines.  The parties will be given additional time to complete any factual discovery necessary to address the allegations raised in the second supplemental and amending complaint.  Further, the deadline for submission of the defendants' expert reports and expert discovery will be extended.  Accordingly,

IT IS ORDERED that the motion (Rec. Doc. 199) is GRANTED IN PART and DENIED IN PART, and the deadlines for factual discovery, for expert discovery, for the submission of the defendants' expert reports, and for the filing of dispositive motions will be extended.  All other deadlines will remain the same.  The extended dates will be set forth in the "Second Amended Case Management Order," which will be issued separately.   The parties are strongly encouraged to schedule expert depositions in advance.

3.   **THE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Governor Foster's deposition is scheduled for Thursday, February 2, 2012.  He is the managing member of the plaintiff, Maryland Company, LLC and previously

was the owner of Bayou Salé Construction.  The plaintiff filed a motion for a protective order, seeking to prevent Governor Foster from being questioned at his deposition with regard to certain topics and/or documents.  (Rec. Doc. 215).  The plaintiff objects to Governor Foster being questioned at the deposition with regard to four categories of documents that have identified by the defendants:  documents concerning revenues from oil and gas operations, credibility documents, knowledge documents, and punitive damages documents.

For the reasons discussed in open court, the undersigned finds it impossible to decide this motion in a vacuum, without knowing what questions might be posed with regard to the documents.  Accordingly,

IT IS ORDERED that this motion is TAKEN UNDER ADVISEMENT.

IT IS FURTHER ORDERED that, should disputes arise during the course of Governor Foster's deposition that cannot be resolved by counsel, counsel are to contact the undersigned by telephone so that the particular issues may be addressed.

Signed at Lafayette, Louisiana, this 1st day of February 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)